FILED
2011 Dec-30  PM 01:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
HUGO L. BLACK, U.S COURT HOUSE
1729 FIFTH AVENUE NORTH, ROOM 140
BIRMINGHAM, ALABAMA 35203-2040

| | |
|---|---|
| Mario Alberto Orellana Campos )<br>Petitioner, )<br>)<br>-Vs.- )<br>)<br>)<br>Eric H. Holder, Jr., )<br>United States Attorney General, )<br>)<br>Janet Napolitano, Secretary of Department )<br>Of Homeland Security, )<br>)<br>Philip T. Miller, District Director, of )<br>Immigration and Customs Enforcement )<br>)<br>Scott Hassel )<br>Warden Etowah County Detention Center, )<br>Respondents. )<br>) | No. ____ - CV-11-TMP-4351-M<br><br>**PETITION FOR WRIT**<br>**OF HABEAS CORPUS**<br>**UNDER 28 U.S.C. § 2241**<br>**SUBJECT TO INDEFINITE**<br>**IMMIGRATION DETENTION** |

Petitioner, Mario Alberto Orellana Campos, hereby petition this court for a writ of habeas corpus relief to review his unlawful detention by the United States Department of Homeland Security, Immigration and Customs enforcement ("ICE") for more than 18 months and his seeking injunction relief, in support of this petition and complaint, petitioner alleges as follows:

That he is being detained "in violation of the Constitution, Laws and treaties of the United States." 28 U.S.C. 2241(c)(3), In the context of a deportation proceedings.

1

## CUSTODY

The Petitioner was placed in the ICE custody and served him with the Notice of Appearance on June 8, 2010; he is in the physical custody of the Respondents at Etowah County Detention Center, 827 Forrest Avenue, Gadsden, Alabama 35901, which is contracting with the U.S. Immigration and Customs Enforcement ("ICE"). Petitioner is detained under the direct control of the Respondents and their agents.

## JURISDICTION

This action arises under the Constitution of the United States, and the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1101 *et seq., as amended by* the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* This Court has jurisdiction under 28 U.S.C. § 2241; art. I § 9, cl. 2 of the United States Constitution ("Suspension Clause"); and 28 U.S.C. § 1331, as Petitioner is presently in custody of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States, This Court may grant relief pursuant to 28 U.S.C. § 2241, 5 U.S.C. § 702, and the All Writs Act, 28 U.S.C. § 1651. See Demore v. Kim 538 U.S. 510; 123 S. Ct. 1708; 155 L. Ed. 2d 724(2003).

## VENUE

Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493-500 (1973), venue lies in the United States District court for the Northern District of Alabama, the judicial district in which Petitioner resides.

## PARTIES

Petitioner is a native and citizen of El Salvador. His a 53 years old he entered in the United States On about February 28, 1978, when he was 20 years old, and he have only one Misdemeanor conviction of possession of weapon, He was first taken into ICE custody On June 8th, 2010. On May 25, 2011. The Immigration Judge ordered the Petitioner to be remove from United States To El Salvador, and he Appalled to the IJ final decision, On October 12, 2011, the BIA Dismissed his Appeal and he timely appealed to the Federal Appeals Court, his case is On Appeals, he has been in the detention of the Respondents since June 8th, 2010. Now 18 Months.

Respondent Eric H. Holder is the Attorney General of the United States and is Responsible for the administration of ICE and the implementation and enforcement of the Immigration & Naturalization Act (INA). As such, Mr. Holder has ultimate custodial authority over Petitioner.

Respondent Janet Napolitano is the Secretary of the Department of Homeland Security. She is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, Mrs. Napolitano is the legal custodian of Petitioner. Respondent Phillip Miller is New Orleans Field Office Director for ICE and is Petitioner's immediate custodian. See Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000) cert. denied, 122 S. Ct. 43 (2001).

## EXHAUSTION

Petitioner has exhausted all administrative remedies to the extent required by law, he requested the Immigration Judge to grant him Bond but the Assistant Chief Counsel opposed to his request for Bail, and the IJ denied his request, the also BIA has adopted the IJ decision, the Petitioner has cooperate with the ICE and signed all documents that was provide to him for his custody review.

The Petitioner removal is not foreseeable likely for approximately another year because the direct review of the finality is not end yet.

A habeas petitioner generally must exhaust administrative remedies before seeking federal court intervention. *See Gomez v. Comm'r of I.N.S.*, No. 01 Civ. 4192 (HB), 2001 U.S. Dist. LEXIS 7450, 2001 WL 637382, at *2 (S.D.N.Y. June 7, 2001); *see also Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir 1995); *Mejia-Ruiz v. INS.*, 51 F.3d 358, 364 (2d Cir. 1995). However, exhaustion is not required where it "would be futile 'or where the agency has predetermined the issue' before it." *Garcia.* 615 F. Supp. 2d at 180 (citing *Hy v. Gillen*, 588 F. Supp. 2d 122, 125-26 (D. Mass. 2008)). Thus, a number of courts have reviewed the constitutionality of an alien's detention while administrative proceedings were ongoing. *See Casas-Castrillon v. Dep't of Homeland Sec*, 535 F.3d 942, 950 (9th Cir. 2008) (review of detention while appeal before BIA pending); *Garcia*, 615 F. Supp. 2d at 179-80; *Gillen*, 588 F. Supp. 2d at 125-26.

Campos is challenging the constitutionality of the mandatory detention statute as applied to him, rather than the propriety of his removal under the INA. Since the IJ classified him as subject to mandatory detention and DHS declined to revisit his mandatory detention status, additional appeals to DHS would be futile. *See Garcia*, 615 F. Supp. 2d at 180; *see also Sulayao v. Shanahan*, 09 Civ. 7347 (PKC), 2009 U.S. Dist. LEXIS 86497, 2009 WL 3003188, at *3 (S.D.N.Y. Sept. 15, 2009) ("If . . . Congress has *not* explicitly required exhaustion, judicial exhaustion doctrine provides that courts may, in their discretion, waive administrative exhaustion under certain circumstances. Futility is one of those circumstances." (Internal citations and quotation marks omitted)). Therefore, this Court has jurisdiction to review whether Campos should be afforded an Opportunity to challenge the necessity of his detention during removal.

## **FACTS**

On August 1, 1989, Petitioner was arrested and charged with simple possession of weapon upon a guilty plea to class A Misdemeanor On September 27th, 1989, he was sentenced to 3 day time served and 3 years' probation, the Petitioner have only this misdemeanor conviction in the United Sates since from February 28, 1978, until now.

Petitioner has strong family ties in the United States. Petitioner has been living in the United States since February 28, 1978. Petitioner's fiancée are United States citizens. Petitioner is not a flight risk, nor does the Petitioner pose any threat to the society. If released, Petitioner will reside with his family at: New York, City 1146 Bryant Ave. Apt. #3 B, Bronx, New York 10456.

This petition for a writ of habeas corpus pursuant to 28 U.S.C. 2241, is file because the Petitioner Campos has been detained by the Department of Homeland Security (the "DHS") Bureau of Immigration and Customs Enforcement (the "ICE") since June 8, 2010, Campos petitions for immediate release from custody or, in the alternative, a constitutionally adequate hearing in which Respondents would be required to demonstrate that his continued detention is justified. For the following reasons, the petition for a writ of habeas corpus should be granted, and Respondents to be ordered to give Campos an individualized bond hearing.

In his removal proceedings he requested to be release on Bail, but the DHS opposed to his bail motion and the IJ's denied his motion that he was properly subject to mandatory detention under 8 U.S.C. 1226(c). *See In re Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (B.I.A. May 28, 1999).

### LEGAL FRAMEWORK FOR RELIEF SOUGHT

Campos now represented by pro se, made a request to ICE that he be released on parole, bond, or other reasonable conditions, he claim that his continued detention was unjustified in view of his right to due process violation.

Campos petitions this Court to (1) assume jurisdiction over this matter; (2) enjoin Respondents from transferring him out of the jurisdiction of this Court until the final Judgment of this Matter; (3) issue a writ of habeas corpus ordering his release or, in the alternative, provide a constitutionally adequate detention hearing, "While the Immigration and Nationality Act (the 'INA') precludes review of the 'Attorney General's discretionary judgment' with regard to 'detention or release of any alien or the grant, revocation, or denial of bond or parole,' the United States Supreme Court rejected the contention that 1226(e) deprives courts of jurisdiction to consider challenges to the interpretation of the mandatory detention statute." *Garcia v. Shanahan*, 615 F. Supp. 2d 175, 179 (S.D.N.Y. 2009) (quoting *Demore v. Kim*, 538 U.S. 510, 517, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003)). Thus, a district court may review challenges to removal detention based on questions of statutory interpretation or constitutional challenges to the statutory framework. *See Garcia*, 615 F. Supp. 2d at 179 (citing *Henderson v. I.N.S.*, 157 F.3d 106, 119-122 (2d Cir. 1998)).

To obtain habeas relief pursuant to 28 U.S.C. 2241, a petitioner must demonstrate that he is being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c)(3). In the context of a deportation proceeding, a petitioner's right to habeas relief depends, in part, on the stage of the deportation process at the time he files a habeas petition. *See Casas-Castrillon*, 535 F.3d at 950.

DHS is presently detaining Campos under the mandatory detention statute governing removal proceedings, 8 U.S.C. 1226(c), which provides that: "The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii)." 1 The Attorney General may release a 1226(c) detainee only for a limited set of reasons related to the alien's cooperation with a criminal investigation or status as a material

6

witness. *See* 8 U.S.C. 1226(c)(2). Section 1226(c) detention is exclusively intended to "govern [] detention of deportable criminal aliens pending their removal proceedings." *Demore*, 538 U.S. at 527-28. This "brief period" of time "lasts roughly a month and a half in the vast majority of cases in which it is invoked and about five months in the minority of cases in which an alien chooses to Appeal." *Demore.* 538 U.S. at 523, 530. In *Demore*, the Supreme Court held that detention during the "brief or limited period that removal proceedings are pending is "constitutionally permissible." 538 U.S. at 531.

After an alien is ordered removed, the Attorney General's detention authority is governed by either 1231(a) or 1226(a). Under 1231(a), when an alien is ordered removed, he is to be deported within 90 days and the Attorney General *must* detain him during this "removal period." 8 U.S.C. 1231(a); *see also Demore*, 538 U.S. at 527-28, 530-31; *Zadvydas v. Davis*, 533 U.S. 678, 683, 689, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001); *Casas-Castrillon*, 535 F.3d at 951 (noting that DHS also interprets 1226(c) to apply only "during removal proceedings").

However, if an alien will not be deported within 90 days or if he challenges a removal order in federal court, he is subject to discretionary detention under 1226(a). *See Casas-Castrillon*, 535 F.3d {704 F. Supp. 2d 458} at 948. Section 1226(a) detainees must be afforded a meaningful opportunity to challenge the necessity of their detention through a hearing, and an alien may be released on bond or conditional parole if he is neither a danger to the community nor a flight risk. The Petitioner has not travel from the Unite States since he entered in 1978, and he seeking asylum and withholding under the convention against Torture, from the Country where they want to send him. 8 U.S.C. 1226(a)(2): *see Casas-Castrillon*, 535 F.3d at 950-52 (citing *Cooper v. Oklahoma*, 517 U.S. 348, 363, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996)). After a period of mandatory detention expires, "once the alien provides good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (related to post-removal period detentions).

Further, given that 33 years have passed since Campos was convicted of his single misdemeanor, there appear to be no public safety factors justifying his prolonged detention. After all, the reasons that justify 1226(c) detention are "based upon the Government's concerns over the risks of flight and danger to the community . . . and the ultimate purpose behind the detention is premised upon the alien's deportability." *Demore*, 538 U.S. at 532 (Kennedy, J., concurring). DHS can only determine whether Campos poses a risk of flight or danger to the community through an individualized bond hearing. *See Zadvydas*, 533 U.S. at 690 (citing *Jackson v. Indiana*, 406 U.S. 715, 738, 92 S. Ct. 1845, 32 L. Ed. 2d 435 (1972)). Such a hearing is particularly important when, as here, an alien is being deported for an offense committed many years prior to his detention and removal charges. *See Garcia*, 615 F. Supp. 2d at 180-81 ("For over a decade, courts analyzing 1226(c) have consistently interpreted the statute to authorize the government to take an alien into custody on or about the time he is released from custody for the offense that renders him removable."); *see also Scarlett v. U.S. Dep't of Homeland Sec. Bureau of Immigration & Customs Enforcement*, 632 F. Supp. 2d 214, 219-20 (W.D.N.Y. 2009) (Collecting cases in which several district courts hold that 1226(c) does not apply when the alien was not taken into immigration custody at the time of his release).

Campos contains that he will not poses any one life in danger or to be a flight risk when he be come release he will continued cooperating with the ICE, and he will obey all the Laws. Please see the attached documents as proves.

Courts have concluded that Sections 1226(a), 1226(c) and 1231(a) each require an

Individualized bond hearing at some juncture of an alien's detention. *See Demore*, 538 U.S. at 530-31 (recognizing implicit time limit in 1226(c) detention); *Zadvydas*, 533 U.S. at 700-02 (relating to 1231(a) detention); *Casas-Castrillon*, 535 F.3d at 950-51 (relating to 1226(a) detention); *Garcia*, 615 F. Supp. 2d at 179-81 (addressing the correctness of 1226(c) classification by DHS where an alien was detained following arrest for non-removable offense); *see also Scarlett*, 632 F. Supp. 2d at 221-23 (W.D.N.Y. 2009); *D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368, 385 (W.D.N. Y. 2009) (same); *Fuller v. Gonzales*, No. 04 Civ. 2039 (SRU), 2005 U.S. Dist. LEXIS 5828, 2005 WL 818614, at *6 (D. Conn. Apr. 8, 2005) (same). This makes sense given the Supreme Court's guidance that "prolonged or even indefinite detention of aliens" raises significant due process concerns. *Demore*, 538 U.S. at 531-32 (Kennedy, J., concurring).

Thus, it is of no import that Campos is detained under a "mandatory" detention statute--what a statute requires of a federal official and what the Constitution demands are not always in harmony. *See Zadvydas*, 533 U.S. at 699 ("the Court have found nothing in the history of these statutes that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention . ... [T]o avoid a serious constitutional threat, the Court conclude that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute [1231(a)]." (Citations omitted)). For Campos, who has been held for 18 months on removal charges for misdemeanors committed long ago and is now facing indefinite detention; an individualized hearing on the necessity of his detention is constitutionally required.

Accordingly, Respondents should be directed to provide Campos with an individualized bond hearing and to keep him within the jurisdiction of the New York Field Office of Detention and Removal Operations through the completion of that hearing.

For the foregoing reasons, the petition for a writ of habeas corpus should be granted, and to direct the Respondents to provide Petitioner Campos with an individualized Bond hearing. And order the parties to submit a report to this Court on the outcome of that hearing within five days of a decision by this Honorable Court.

## CLAIMS FOR RELIEF

### COUNT ONE

### STATUTORY VIOLATION

Petitioner continued detention by Respondents is unlawful and contravenes 8 U.S.C.§ 1231(a)(6) as interpreted by the Supreme Court in Zadvydas. The six-month presumptively reasonable period for removal efforts has expired. Petitioner still has not been removed, and Petitioner continues to languish in detention. Petitioner's removal to El Salvador or any other country is not significantly likely to occur in the reasonably foreseeable future. The Supreme Court held in Zadvydas and Demore v. Kim, aliens Continued detention Constitute violation of the Rights to Due process.

### COUNT TWO

SUBSTANTIVE DUE PROCESS VIOLATION

Petitioner's continued detention violates Petitioner's right to substantive due process through a deprivation of the core liberty in freedom from bodily restraint. The Due Process Clause of the Fifth Amendment requires that the deprivation of Petitioner's liberty be narrowly tailored to serve a compelling government interest. While Respondents would have an interest in detaining Petitioner in order to effect removal, that interest does not justify the indefinite detention of Petitioner, who is not significantly likely to be removed in the reasonable foreseeable future.

Zadvydas recognized that ICE might continue to detain aliens only for a period reasonably necessary to secure the alien's removal. The presumptively reasonable period during which ICE may detain an alien is only six months. Petitioner has already been detained in excess of six months and Petitioner's removal is not significantly likely to occur in the reasonably foreseeable future.

## COUNT THREE

## PROCEDURAL DUE PROCESS VIOLATION

Under the Due Process Clause of the Fifth Amendment, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. Petitioner in this case has been denied that opportunity. ICE does not make decisions concerning aliens' custody status in a neutral and impartial manner. The failure of Respondents to provide a neutral decision-maker to review the continued custody of Petitioner violates Petitioner's right to procedural due process. The respondents have failed to acknowledge or act upon the administrative request for release in a timely manner. There is no administrative mechanism in place for the Petitioner to demand a Decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## EMERGENCY STAY OF REMOVAL

Petitioner request for an Emergency stay of removal during the proceedings of this Petition; The Petitioner have family in the United States. And he will be living with his fiancee. Petitioner prays that this court consider all the above and grant his petition to stay removal and order the respondents not to move him from the territorial jurisdiction of this Court while waiting for the outcome from this court.

## PRAYER FOR RELLIEF

**Wherefore**, the Petitioner prays that this Court grant the following relief, (1) Assume jurisdiction over this matter; (2) to Grant Petitioner writ of habeas corpus directing the respondents to immediately release Petitioner from custody, under reasonable conditions of supervision or on bond.

The Petitioner pray that his Court Grant any other and further relief which this Court deems just and proper

**I** Affirm under penalty of perjury that the foregoing is true and correct.

DATED: Gadsden, Alabama
        December 28, 2011.

                              RESPECTFULLY SUBMITTED BY

                              */s/ Mario A. O. Campo*
                              MARIO ALBERTO ORELLANA CAMPOS
                              A # 088-440-613 / Unit 4
                              ETOWAH COUNTY DETENTION CENTER
                              827 FORREST AVENUE
                              GADSDEN, ALABAMA 35901

NOTARY: *Eddie Blythe*
            EXP DATE 10/29/2012



Office of Detention and Removal Operations
U.S. Department of Homeland Security
827 Forrest Avenue
Gadsden, AL 35901

 **U.S. Immigration and Customs Enforcement**

4-38

Mario Alberto Orellana Campos             088 440 613
Etowah County Detention Center
827 Forrest Avenue
Gadsden, AL 35901

## Notice to Alien of File Custody Review

You are detained in the custody of Immigration and Customs Enforcement (ICE) and you are required to cooperate with ICE in
Your custody status will be reviewed on or about        January 9, 2012
The Deciding Official may consider, but is not limited to considering the following:

1. Criminal convictions and criminal conduct;
2. Other criminal and immigration history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Cooperation in obtaining your travel document.
10. Any available mental health reports.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf. The district director will notify you of the decision in your case. Attached to this notice is a list of free or low cost legal representatives who may be able to provide assistance to you in preparing your case.

U.S. Department of Homeland Security
**Immigration and Customs Enforcement**
827 Forrest Avenue
Gadsden, AL 35901

---

### METHOD OF SERVICE

I certify that this form was provided to the alien by:   ☑ Hand           ☐ Institution mail
☐ CC: Attorney of Record or Designated Representative
☐ CC: A-file

_____        M. Lenze.         11/4/2011
Signature of Officer            A. Austin             Date
                                Print Name of Officer

ALIEN COPY

I voluntarily waive my right to a thirty-day notice of Post Order Custody Review _____

Mario Alberto Orellana Campos                              A  088 440 613

## INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the ICE officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

☑ Submit passports (current and expired) to the ICE. If you have a copy of your passport, you are to submit it.

☑ Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

☑ Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

☑ Submit to the ICE birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

☑ Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

☑ Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

☑ You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

☑ Provide ICE with written copies of requests to embassies or consulates requesting issuance of a travel document.

☑ Provide ICE with written copies of responses from embassies or consulates regarding your requests.

☑ Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

☐ Other: _____

Alien's Signature  MARIO·A·O CAMPOS      A Number  **088 440 613**

Served by  _A. Austin_  _11/4/2011_  at  _Gadsden, AL_
Officer's Name   Date   Location

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

ALIEN COPY

**U.S. Department of Homeland Security**
**Immigration and Customs Enforcement**

**Warning for Failure to Depart**

| Name: | District Office: | File A#: |
|---|---|---|
| Mario Alberto Orellana Campos | New Orleans Field Office | 088 440 613 |

Section 243(a) of the Immigration and Nationality Act provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who--

(A) willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order of removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B) willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C) connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D) willfully fails or refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order, shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if the alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a)), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Customs Enforcement Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

* Section 241(a)(1)(C) provides for the extension of the statutory removal period if the alien refuses, during the removal period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final: | Ordered Removed under Section: |
|---|---|
| October 12, 2011 | 212 (a) (6) (A) (i) |

**Record of Service**
**(Check method used)**

( ) **Record of Personal Service**

| Served By: (Print Name and Title of Officer) | | Date: |
|---|---|---|
| A. Austin | Deportation Officer | 11/4/2011 |
| Officer's Signature: | Location of Service: | |
| [signature] | Gadsden, AL | |
| Served On: (Alien's Signature) | | Date: |
| MARIO. A.O. CAMPOS | | 11/4/2011 |

| ( ) Warning administered in Court (Copy of order attached) | Record of Personal Service (Cont.) |
|---|---|
| ( ) Certified Mail Service | **Fingerprint of Alien (Specify finger used)** |
| Attach certified mail receipts here. | Right Index [fingerprint] |

Form I-229(a)
(Revised 12/04/02)

ALIEN COPY

Department of Homeland Security
Bureau of Immigration and Customs Enforcement

**Notice to EOIR: Alien Address**

Date: **June 9, 2010**

To:   Office of the Immigration Judge, EOIR
      201 Varick St
      New York, NY  10014

From: ICE D&R
      201 Varick St
      New York, NY  10014

Respondent: **CAMPOS, Mario Alberto**          A Number: **88 440 613**

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities. A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by ICE (Form I-247) has been filed with the institution shown below. He/she is incarcerated at:

His/her anticipated release date is.

☒ Detained by ICE on:  **June 8, 2010 at**
                       **Bergen County Jail**
                       **160 South River Street**
                       **Hackensack, NJ 07601**

☐ Detained by ICE and transferred on

☐ Released from ICE custody on the following condition(s):
    ☐ Order of Supervision or Own Recognizance (Form I-220A)
    ☐ Bond in the amount of *Enter Dollar Amount of Respondent's Bond*
    ☐ Removed, Deported, or Excluded
    ☐ Other

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official:  Wave Boyd, Deportation Officer

Form I-830 (Rev.4/26/99) N

000252

| U.S. Department of Homeland Security | Notice of Custody Determination |
|---|---|

Mario Alberto ORELLANA CAMPOS AKA: CAMPOS, MARIO ; COMPOS, MARIO ALBERTO; COMPOS, MARIO A; ALBERTO, MARIO

Event No: RIK1006000031
File No: A088 440 613
Date: 06/02/2010

1114 WARD AVENUE
APT 1ST FL
BRONX, NEW YORK 10472

Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:

☒ detained in the custody of the Department of Homeland Security.
☐ released under bond in the amount of $_____
☐ released on your own recognizance.

☒ You may request a review of this determination by an immigration judge.
☐ You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.

_____
(Signature of authorized officer)

SUPERVISORY DEPORTATION OFFICER
(Title of authorized officer)

NEW YORK, NY
(Office location)

☐ I do  ☒ do not request a redetermination of this custody decision by an immigration judge.
☒ I acknowledge receipt of this notification.

x MARIO CAMPOS                                    6-8-10
(Signature of respondent)                         (Date)

### RESULT OF CUSTODY REDETERMINATION

On _____, custody status/conditions for release were reconsidered by:

☐ Immigration Judge     ☐ DHS Official     ☐ Board of Immigration Appeals

The results of the redetermination/reconsideration are:
☐ No change - Original determination upheld.        ☐ Release - Order of Recognizance
☐ Detain in custody of this Service.                ☐ Release - Personal Recognizance
☐ Bond amount reset to _____              ☐ Other: _____

_____
(Signature of officer)

Form I-286 (Rev 08/01/07)

000253

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

CV-11-TMP-4351-M

| | |
|---|---|
| Mario Alberto Orellana Campos ) <br>     Petitioner, ) <br> ) <br> -Vs.- ) <br> ) <br> Eric H. Holder, Jr.U. S. Attorney General, ) <br> Et al, ) <br>     Respondents. ) <br> ) | No. ___-Cv-_____ <br><br> **NOTICE OF PETITION** <br> **FOR WRIT OF HABEAS** <br> **CORPUS PURSUANT TO** <br> **28 U.S.C. § 2241** <br> **SUBJECT TO INDEFINITE** <br> **IMMIGRATION DETENTION** |

    Please take Notice that the Petitioner, Mario Alberto Orellana Campos, hereby file his petition in this Office of the Clerk of court at the United States District Court, Northern District of Alabama, Hugo L. Black, U.S. Courthouse, 1729 Fifth Avenue, Room 140, Birmingham, Alabama 35901. For a writ of habeas corpus relief to review his unlawful detention by the United States Department of Homeland Security, Immigration and Customs enforcement ("ICE"), and with the attached $ 5 Dollar check for the filing fees, on this 28 days of December 2011.

DATED: Gadsden, Alabama
       December 28, 2011.

                                            RESPECTFULLY SUBMITTED BY

                                            MARIO ALBERTO ORELLANA CAMPOS
                                            A# 088-440-613 / Unit 4
                                            ETOWAH COUNTY DETENTION CENTER
                                            827 FORREST AVENUE
                                            GADSDEN, ALABAMA 35901

Notary - Eddie Blythe
Exp. Date 10/29/2012